IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT DUTKEVITCH, as now an Adult, and SHARON DUTKEVITCH, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )   3:10-cv-690<br>) |
| KING, SPRY, HERMAN, FREUND & FAUL, LLC, et al., | )<br>)<br>) |
| Defendants. | ) |

ORDER

AND NOW, this 10th day of February, 2012, Plaintiffs having failed to respond to the Court's January 12, 2012 Order to file a position with the Court, no later than February 1, 2012, showing cause why the claims raised in the above captioned matter should not be dismissed,

IT IS HEREBY ORDERED that Plaintiffs' Complaint is DISMISSED, and judgment will be entered in favor of the Defendants for the reasons set forth in the Third Circuit Court of Appeals' July 21, 2011 Judgment and Opinion affirming the dismissal of Plaintiffs' claims at CA 07-1672, and in this Court's January 12, 2012 Order dismissing Plaintiffs' claims at CA 09-1041.[1]

The bulk of the claims set forth in the present Complaint raise essentially the same claims, and are based on the same operative

---

[1] The Court is acting sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii) after having provided Plaintiffs with the opportunity to show cause why the claims raised in this case should not be dismissed. Plaintiffs neither responded nor amended their Complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

1

facts, as those that Plaintiffs raised in CA 07-1672 and CA 09-1041, or, at the very least, raise issues arising out of those facts that could have been raised in those earlier cases. In both of the prior cases, Plaintiffs' claims were dismissed in their entirety on the merits, and judgment was entered on behalf of the defendants in those actions. Accordingly, for the reasons stated by the Court in its January 12, 2012 Order in CA 09-1041, as well as the reasons set forth in Magistrate Judge Thomas M. Blewitt's June 11, 2009 Report and Recommendation in that same case, the claims in this case are barred on grounds of res judicata.

Further, to the extent that Plaintiffs attempt to raise a retaliation claim pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 794, or the Americans with Disabilities Act, 42 U.S.C. § 12203(a), they fail to state a non-frivolous claim, or a claim upon which relief can be granted, for the reasons stated by the Court in its January 12, 2012 Order in CA 09-1041. Indeed, whatever retaliation claim or claims Plaintiffs raise here are essentially the same as those they attempted to raise in CA 09-1041. The same holds true to the extent that Plaintiffs attempt to raise an abuse of process claim under 42 Pa. C.S. § 8351.

The present Complaint names a number of defendants, including government bodies, business entities, and individuals, but Plaintiffs make very little effort to establish the nature of the claims brought against each of these numerous defendants. Former Governor Edward Rendell, for example, is named as a defendant, but no claim is raised against him within the Complaint; indeed, he is mentioned only in

2

passing. The only claims that are remotely potentially cognizable are those discussed above, which, for the reasons stated, are legally insufficient. The Court can find no claim whatsoever in regard to most of the named defendants. The Court further notes that a number of the named defendants, such as Magistrate Judge Blewitt, the United States District Court for the Middle District of Pennsylvania, and the Pennsylvania Human Relations Commission, have absolute immunity, as each was acting in his or its judicial capacity. See Hughs v. Long, 242 F.3d 121, 125 (3d Cir. 2001); Aruanno v. Cavanaugh, 2012 WL 266970, at *1 (3d Cir. Jan. 31, 2012) (citing Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006)); Scott v. American Bar Ass'n, 652 F. Supp. 1419, 1422 (E.D. Pa. 1987).

Accordingly, the Court finds that the claims raised by Plaintiffs in the present Complaint are frivolous, fail to state a claim upon which relief may be granted, and/or seek monetary relief against a defendant who is immune to such relief, and that the Complaint must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[2] Moreover, because this is the third action filed by Plaintiffs relating to the same basic issues and facts, and because Plaintiffs failed to respond to the Court's Order to show cause why the present case should not be dismissed, the Court finds that amendment would be futile. Plaintiffs' claims in

---

[2] In so finding, the Court notes that it is mindful that pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

this case are dismissed in their entirety, and judgment will be entered in favor of the Defendants.

s/Alan N. Bloch<br>United States District Judge

ecf:      Counsel of record

cc:       Sharon Dutkevitch
          Vincent Dutkevitch
          114 South Main Street, Rear
          Pittston, PA  18640
          (forwarded regular and certified mail)